# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

# FORT LAUDERDALE DIVISION

BRIAN EVANS,

Plaintiff,

v.

SIGNATURE RESOLUTION, LLC,

Defendant.

Case Number: _____

## VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## JURY TRIAL DEMANDED

Plaintiff Brian Evans ("Plaintiff"), proceeding pro se, sues Defendant Signature Resolution, LLC ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

This action arises from Defendant's administration of an arbitration proceeding against Plaintiff despite the absence of any enforceable arbitration agreement binding Plaintiff to the claimants who initiated the arbitration. Plaintiff seeks damages and equitable relief based on Defendant's

1

role in opening, maintaining, and financially escalating an arbitration that was unauthorized from the outset. The arbitration was not initiated pursuant to any signed agreement involving Plaintiff, and Defendant proceeded based on materially false representations and without verifying the existence of any contractual authority. In doing so, Defendant transformed what should have been a neutral administrative function into active participation in a process that imposed substantial financial and legal burdens on Plaintiff.

## JURISDICTION AND VENUE

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks damages exceeding $2,000,000 and continues to incur arbitration-related fees exceeding approximately $16,000 per day.

Plaintiff Brian Evans is a natural person and citizen of the State of Florida, residing in Hallandale Beach, Florida.

Defendant Signature Resolution, LLC is a limited liability company organized under the laws of the State of California. The members of Signature Resolution, LLC are Richard Stone, Louis Meisinger, Michael Latin, and Dario Higuchi. Each of these individuals is a natural person domiciled in the State of California and therefore a citizen of California for purposes of 28 U.S.C. § 1332. A true and correct copy of official records from the California Secretary of State identifying these individuals as the managers or members of the LLC is attached as **Exhibit A**. Based on these official California Secretary of State records identifying the members of the LLC, Plaintiff alleges that these individuals constitute all members of the Defendant Signature Resolution, LLC.

Accordingly, Defendant Signature Resolution, LLC is a citizen of California only for purposes of 28 U.S.C. Section 1332, and complete diversity exists because Plaintiff is a citizen of Florida.

To the extent Exhibit A identifies individuals as managers or members, Plaintiff alleges that each identified individual is, upon information available from official records and the absence of any contrary public filings, a member of Defendant Signature Resolution, LLC, and that no other members exist.

## PARTIES

Plaintiff Brian Evans is an entertainer and recording artist and a citizen of Hallandale Beach, Florida. Plaintiff has never entered into any arbitration agreement with Defendant and has never consented to arbitration administered by Defendant under any circumstances.

Defendant Signature Resolution, LLC is a California-based arbitration administrator that conducts business nationwide and acted as the administrator of the arbitration proceeding at issue.

## FACTUAL ALLEGATIONS

For approximately seventeen months following a purported settlement involving other parties, no arbitration was initiated against Plaintiff. During that entire period, no arbitration demand was filed and no arbitration proceeding was commenced. Plaintiff subsequently filed a federal lawsuit in this Court concerning the underlying dispute, and an appearance was filed in that case and reflected on the public docket before any arbitration was initiated.

After Plaintiff filed suit, the claimants attempted to terminate the federal case using an unsigned stipulation of dismissal that had never been executed by all parties and therefore had no legal

effect. When that effort failed, the claimants initiated arbitration through Defendant based on a purported agreement that Plaintiff never signed, never accepted, and never agreed to be bound by.

In initiating arbitration, the claimants falsely represented that no appearance had been filed in the federal case. That statement was false and directly contradicted by the public docket. Defendant relied on that false representation to open arbitration. After Plaintiff provided Defendant with documentation confirming that the representation was false, Defendant nevertheless continued administering the arbitration.

Defendant imposed arbitration fees exceeding approximately $16,000 per day, creating immediate and escalating financial pressure on Plaintiff. These fees were actively imposed as part of Defendant's administration of the arbitration and were not hypothetical or speculative. Defendant's conduct forced Plaintiff to respond to and defend against a proceeding that lacked any contractual basis.

Plaintiff expressly notified Defendant that no arbitration agreement existed, that arbitrability was disputed, and that no court had ordered arbitration. Defendant nevertheless continued administering the arbitration and issuing fee demands. Defendant's conduct interfered with Plaintiff's federal litigation, imposed financial harm, caused emotional distress, and disrupted Plaintiff's ability to pursue his claims.

The conduct challenged in this action concerns Defendant's administrative actions in opening and maintaining an arbitration proceeding, not any adjudicative ruling by an arbitrator on the merits of a dispute. Defendant is sued for opening and continuing an allegedly unauthorized

4

arbitration after being put on notice of the absence of contractual authority and the falsity of material representations used to invoke the process.

The representation to Defendant that no appearance had been filed in the federal action is documented. A true and correct copy of the communication submitted to the arbitration administrator reflecting that representation is attached as **Exhibit B**. The public docket in the federal action demonstrates that an appearance had in fact been filed prior to that representation, and a true and correct copy of the relevant docket entries is attached as **Exhibit C**. Defendant was provided with this documentation but nevertheless continued administering the arbitration.

## COUNT I – ABUSE OF PROCESS

Defendant used arbitration proceedings as legal process against Plaintiff, but did so for an improper and ulterior purpose. Rather than using arbitration to resolve a legitimate contractual dispute, Defendant used the arbitration process as a mechanism to impose financial pressure and coerce Plaintiff into abandoning his federal lawsuit. Defendant continued administering arbitration after being notified that no valid arbitration agreement existed and that the proceeding rested on materially false representations concerning the federal case. Under Florida law, abuse of process exists where process is used primarily to accomplish a purpose for which it was not designed.

## COUNT II – TORTIOUS INTERFERENCE WITH A JUDICIAL PROCEEDING

Plaintiff had an existing federal judicial proceeding pending before this Court, of which Defendant had knowledge. Defendant intentionally interfered with that proceeding by administering arbitration designed to pressure Plaintiff to abandon his claims, incur substantial

fees, and divert resources away from the federal case. This interference was intentional, unjustified, and without any contractual basis.

## COUNT III – UNJUST ENRICHMENT

Defendant demanded arbitration fees arising from a proceeding that lacked any contractual authority. Defendant knowingly sought to obtain financial benefits to which it was not entitled, despite being informed that Plaintiff disputed arbitrability and denied any obligation to pay arbitration-related fees. Retention of such benefits would be inequitable.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendant knowingly administered arbitration proceedings against Plaintiff without any contractual basis and continued doing so after being placed on notice of its illegitimacy. Defendant imposed escalating financial pressure exceeding approximately $16,000 per day while maintaining an unauthorized proceeding in parallel with Plaintiff's pending federal litigation. Plaintiff suffered anxiety, mental anguish, emotional suffering, and continuing distress.

## COUNT V – CIVIL CONSPIRACY

Defendant acted in concert with non-parties to misuse arbitration procedures for improper purposes, including pressuring Plaintiff to abandon his federal litigation and submit to an arbitration he never agreed to. This coordinated conduct caused damages to Plaintiff.

## DAMAGES

Plaintiff has suffered financial loss, arbitration-related costs, emotional distress, reputational harm, and interference with access to the courts. These damages continue to accrue. Plaintiff seeks damages in the amount of $2,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court award compensatory and punitive

damages in the amount of $2,000,000; enter equitable relief prohibiting Defendant from

continuing arbitration proceedings against Plaintiff; award costs; and grant such other and further

relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VERIFICATION

I, Brian Evans, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing

is true and correct.

Executed on March 18, 2026.

Brian Evans

2080 South Ocean Drive, Unit 1505

Hallandale Beach, Florida 33009

Plaintiff, Pro Se

# EXHIBIT A




BA20251749384

B3972-2974 08/29/2025 11:59 AM Received by California Secretary of State

## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## LIMITED LIABILITY COMPANY
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20251749384 |
| Date Filed: 8/29/2025 |

| Entity Details | |
| --- | --- |
| Limited Liability Company Name | SIGNATURE RESOLUTION, LLC |
| Entity No. | 201723710104 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of LLC**

| | |
| --- | --- |
| Principal Address | 633 W 5TH STREET, SUITE 1000<br>LOS ANGELES, CA 90071 |

**Mailing Address of LLC**

| | |
| --- | --- |
| Mailing Address | 633 W 5TH STREET, SUITE 1000<br>LOS ANGELES, CA 90071 |
| Attention | |

**Street Address of California Office of LLC**

| | |
| --- | --- |
| Street Address of California Office | 633 W 5TH STREET, SUITE 1000<br>LOS ANGELES, CA 90071 |

**Manager(s) or Member(s)**

| Manager or Member Name | Manager or Member Address |
| --- | --- |
| Richard Stone | 633 W 5TH STREET, SUITE 1000<br>LOS ANGELES, CA 90071 |
| Louis Meisinger | 633 W 5TH STREET, SUITE 1000<br>LOS ANGELES, CA 90071 |
| Michael Latin | 633 W 5T STREET, SUITE 1000<br>LOS ANGELES, CA 90071 |
| Dario Higuchi | 633 W 5th Street, Suite 1000<br>Los Angeles, CA 90071 |

**Agent for Service of Process**

| | |
| --- | --- |
| Agent Name | DARIO HIGUCHI |
| Agent Address | 633 W 5TH STREET, SUITE 1000<br>LOS ANGELES, CA 90071 |

**Type of Business**

| | |
| --- | --- |
| Type of Business | Alternative Dispute Resolution |

**Email Notifications**

| | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Chief Executive Officer (CEO)**

| CEO Name | CEO Address |
| --- | --- |
| None Entered | |

**Labor Judgment**

No Manager or Member, as further defined by California Corporations Code section 17702.09(a)(8), has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*Eva Oseland*                                         *08/29/2025*

Signature                                             Date

B3972-2975 08/29/2025 11:59 AM Received by California Secretary of State

# EXHIBIT B

## RE: Case ID: NRANB Creative Artists Agency, LLC v. Evans - Invoices

From: Chad R. Fitzgerald (cfitzgerald@khiks.com)

To: belasvegas@yahoo.com; josborne@signatureresolution.com

Cc: ALiskin@khiks.com; jlu@signatureresolution.com; accounting@signatureresolution.com

Date: Wednesday, January 7, 2026 at 07:29 PM EST

Ms. Osborne,

I am counsel for Claimants Creative Artists Agency, LLC and Steve Levine.

Respondent agreed to arbitrate any and all future disputes with Claimants. The arbitration agreement attached to the Demand for Arbitration states, "The exclusive manner of resolution of **all future disputes or controversies of any kind or nature between the Parties** [to the agreement, including Respondent and a former CAA client] **and/or their Related Parties** [defined in Paragraph I.A. of the agreement to expressly include both Claimants CAA and Steve Levine], **however characterized**, including, without limitation, any claim for breach of this Agreement, unauthorized disclosure of confidential information, any claim for breach, non-performance, enforcement, interpretation as well as any claim regarding the validity or invalidity of this Agreement, or for specific performance, among other claims (herein the 'Arbitration Claims'), shall be adjudicated and decided pursuant to the procedures set forth below for Confidential Mandatory Binding Arbitration. Such Confidential Mandatory Binding Arbitration shall take place in Los Angeles County, California, unless an alternate venue is mutually agreed by the Parties, before JAMS or Signature Resolution pursuant to JAMS' or Signature Resolution's Arbitration Rules then in effect ('Rules') and California law." *See* attached Demand for arbitration, Ex. A, Paragraph XI (emphasis added).

Respondent filed a complaint against Claimants in the Southern District of Florida in violation of this agreement. Claimants (Defendants in that case) have not yet formally appeared in the Florida case and have moved to dismiss it for lack of subject matter jurisdiction and lack of personal jurisdiction. In the unlikely event that the motion to dismiss is denied, Claimants will move the District Court to compel arbitration. However, Claimants seek affirmative relief from Respondent in this forum, as the parties agreed. The pendency of Respondent's improper federal action does not divest Signature of jurisdiction over this arbitration. *See* Signature Rule 3 ("The appointed Arbitrator shall have the sole authority to determine the arbitrability of any dispute submitted to SIGNATURE and disputes of any kind, including but not limited to, who are the proper parties to the arbitration, the validity or revocability of the agreement containing the arbitration provision, or the or the arbitration provision itself.").

Claimants paid their portion of the arbitration fees on or about December 19, 2026. Pursuant to Signature Rule 6.b, "A party may agree to advance the amounts owed to SIGNATURE otherwise due from another party. In such event, any award may include reimbursements to the advancing Party of all advanced sums, irrespective of any contractual entitlement to fees and costs, and irrespective of whether the advancing Party prevailed in the arbitration. Any party who has failed to pay sums due to SIGNATURE, including deposits, may be precluded from asserting or defending any claim or counterclaim, offering evidence to support any affirmative claim or defense during the proceedings, from setting pre-arbitration motions for hearing, or from being heard on motions noticed by the opposing Party. The Arbitrator may enter a Party's default for failure to pay the amounts due, and, if not cured, thereafter issue a Default Award against that Party."

Claimants respectfully request that an Arbitrator be appointed promptly under Signature Rule 16. Furthermore, as Respondent has stated the he refuses to participate in the arbitration, Claimants

request to be invoiced for Respondent's arbitration fees. Claimants further request that Respondent be precluded from asserting or defending any claim or counterclaim in the arbitration, from offering evidence to support any affirmative claim or defense during the proceedings, from setting pre-arbitration motions for hearing, and from being heard on any motion noticed by Claimants, and that the Arbitrator, once appointed, enter Respondent's default for failure to pay amounts due, and, if not cured, thereafter issue a Default Award against Respondent at the soonest opportunity pursuant to Signature Rule 6.b.

Please contact me with any questions. Claimants reserve all rights.

Sincerely,

Chad R. Fitzgerald
KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
310.566.9802
www.khiks.com

---

**From:** Brian Evans <belasvegas@yahoo.com>
**Sent:** Friday, December 19, 2025 12:50 PM
**To:** Jaclyn Osborne <josborne@signatureresolution.com>
**Cc:** Aaron C. Liskin <aliskin@kwikalaw.com>; Chad R. Fitzgerald <CFitzgerald@khiks.com>; Candace Hoffman <choffman@kwikhlaw.com>; jlu@signatureresolution.com; accounting@signatureresolution.com
**Subject:** Re: Case ID: NRANB Creative Artists Agency, LLC v. Evans - Invoices

**CAUTION: This email originated from outside of the organization.**

Ms. Osborne,

I am in receipt of the below email.

Please be advised that I do not consent to arbitration in this matter. The dispute between Creative Artists Agency, LLC and myself is currently pending before the United States District Court for the Southern District of Florida, and arbitrability is contested and unresolved. No court has ordered arbitration.

For clarity, the arbitration was initiated the day after the federal court sealed the stipulation of dismissal that was relied upon to attempt to open this arbitration. That issue remains pending before the federal court.

Accordingly, I dispute any obligation to participate in or pay for arbitration-


Case 0:26-cv-60770-JMS   Document 1   Entered on FLSD Docket 03/18/2026   Page 14 of 19

related fees. Please direct any further inquiries regarding arbitrability to counsel for Creative Artists Agency, LLC and codefendant(s).

Regards,

Brian Evans

Sent from my iPhone

On Dec 19, 2025, at 1:07 PM, Jaclyn Osborne <josborne@signatureresolution.com> wrote:

Case 0:26-cv-60779-JMS   Document 1   Entered on FLSD Docket 03/18/2026   Page 15 of 19

Counsel,

Please see attached invoices for the **Creative Artists Agency, LLC v. Evans** matter.

I have also attached our ACH Wire Instructions and W-9 form – if needed.

Should you have any questions, feel free to contact me or the Case Administrator, **Jasmine Lu**.

Thank you,
### Jaclyn Osborne
**Associate - Client Experience**

**M** 858.977.8544
**W** signatureresolution.com
**E** josborne@signatureresolution.com

 <u>image001.png</u>

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

<image002.png>

<Invoice - KINSELLA HOLLEY ISER KUMP (Admin).pdf>

<Invoice - BRIAN EVANS (Admin).pdf>

<ACHWire Instructions-Signature Resolution JPM Chase.pdf>

<SIGNATURE W-9 (2025).pdf>

2025-12-05 CAA v. Evans Arbitration Demand.pdf
5.6 MB

# EXHIBIT C

**Query**   **Reports** ▾   **Utilities** ▾   **Help**   **Log Out**

EFD,REF_PTD

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:25-cv-25484-DPG

| | |
|---|---|
| Evans v. Creative Artist Agency, LLC et al | Date Filed: 11/21/2025 |
| Assigned to: Judge Darrin P. Gayles | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Ellen F. D'Angelo | Nature of Suit: 890 Other Statutory Actions |
| Cause: 28:1332 Diversity | Jurisdiction: Diversity |

**Plaintiff**

**Brian Evans**                    represented by   **Brian Evans**
                                    2080 South Ocean Drive, #1505
                                    Hallandale Beach, FL 33009
                                    954-214-3076
                                    Email: belasvegas@yahoo.com
                                    *PRO SE*

V.

**Defendant**

**Creative Artists Agency, LLC**                    represented by   **Alice Ferot**
                                    Axs Law Group PLLC
                                    2121 NW 2nd Avenue
                                    Suite 201
                                    Miami, FL 33127
                                    305 322 2026
                                    Email: alice@axslawgroup.com
                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Steve Levine**                    represented by   **Alice Ferot**
*individually and in his capacity as an*                    (See above for address)
*agent of Creative Artist Agency, LLC*                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2025 | 1 | COMPLAINT FOR DAMAGES, RECISSION, DECLATORY RELIEF, INJUNCTIVE RELIEF, AND JURY TRIAL DEMAND against Creative Artist Agency, LLC, Steve Levine. Filing fees $ 405.00 Paid, filed by Brian Evans. (Attachments: # 1 Civil Cover Sheet)(drz) Modified text on 11/24/2025 (drz). (Entered: 11/24/2025) |
| 11/21/2025 | 2 | Judge Assignment to Magistrate Judge Ellen F. D'Angelo (drz) (Entered: 11/24/2025) |

| 11/24/2025 | 3 | Clerks Notice of Receipt of Filing Fee received on 11/21/2025 in the amount of $ 405.00, receipt number FLS310678 (asz) (Entered: 11/24/2025) |
|---|---|---|
| 11/24/2025 | 6 | ORDER REGARDING JURISDICTION re 1 Complaint, filed by Brian Evans. Signed by Magistrate Judge Ellen F. D'Angelo on 11/24/2025. *See attached document for full details.* (Attachments: # 1 Exhibit) (drz) (Entered: 11/25/2025) |
| 11/25/2025 | 4 | Summons Issued as to Creative Artists Agency, LLC, Steve Levine. (drz) (Entered: 11/25/2025) |
| 11/25/2025 | 5 | ORDER OF INSTRUCTIONS TO PRO SE LITIGANT. Signed by Magistrate Judge Ellen F. D'Angelo on 11/25/2025. *See attached document for full details.* (drz) (Entered: 11/25/2025) |
| 12/01/2025 | 7 | SUMMONS (Affidavit) Returned Executed on 1 Complaint, with a 21 day response/ answer filing deadline pursuant to Fed. R. Civ. P. 12 Creative Artists Agency, LLC served on 11/25/2025, response/answer due 12/16/2025. (drz) (Entered: 12/01/2025) |
| 12/02/2025 | 8 | NOTICE of Filing Plaintiff's Notice of Errata and Classic Clarification Regarding Date of PTSD Diagnosis by Brian Evans. (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 9 | MOTION for Case Reassignment to a United States District Judge by Brian Evans. (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 10 | Duplicate Copy of SUMMONS (Affidavit) Returned Executed on 1 Complaint, **(no response/answer filing deadline set)** y Brian Evans. (See DE# 7 for duplicate copy). (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 11 | Plaintiff's Notice, and MOTION Requesting that the Court Accept this Notice and Mark the Attached Stipulation as Exhibit A by Brian Evans. (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 12 | ORDER granting 9 Motion to Reassign Case. Case reassigned to Judge Darrin P. Gayles and Magistrate Judge Ellen F. D'Angelo for all further proceedings. M agistrate Judge Ellen F. D'Angelo no longer assigned to the case. Signed by Magistrate Judge Ellen F. D'Angelo on 12/2/2025. *See attached document for full details.* (drz) (Entered: 12/02/2025) |
| 12/02/2025 | 13 | NOTICE OF COURT PRACTICE. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface. **Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position.** If conflicts of position exist, the parties shall explain the conflicts in their separate motions. Failure to comply with **ANY** of these procedures may result in the imposition of appropriate sanctions including, but not limited to, the striking of the motion or dismissal of this action. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/02/2025) |
| 12/02/2025 | 14 | NOTICE OF COURT PRACTICE. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface. **Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position.** If conflicts of position exist, the parties shall explain the conflicts in their separate motions. Failure to comply with **ANY** of these procedures may result in the imposition of appropriate sanctions including, but not limited to, the striking of the motion or dismissal of this action. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/02/2025) |

| | | |
|---|---|---|
| 12/03/2025 | 15 | SUMMONS (Affidavit) Returned Executed on 1 Complaint, with a 21 day response/ answer filing deadline pursuant to Fed. R. Civ. P. 12 Steve Levine served on 12/1/2025, response/answer due 12/22/2025. (drz) (Entered: 12/03/2025) |
| 12/03/2025 | 16 | NOTICE of Attorney Appearance by Alice Ferot on behalf of Creative Artists Agency, LLC, Steve Levine. Attorney Alice Ferot added to party Creative Artists Agency, LLC(pty:dft), Attorney Alice Ferot added to party Steve Levine(pty:dft). (Ferot, Alice) (Entered: 12/03/2025) |
| 12/03/2025 | 25 | FULLY EXPANDED SUPPLEMENTAL FILING to 1 Complaint, by Brian Evans (drz) (Entered: 12/04/2025) |
| 12/03/2025 | | SYSTEM ENTRY - Docket Entry 17 [misc] restricted/sealed until further notice. (pes) (Entered: 12/04/2025) |
| 12/04/2025 | | SYSTEM ENTRY - Docket Entry 18 [motion] restricted/sealed until further notice. (amb) (Entered: 12/04/2025) |
| 12/04/2025 | | SYSTEM ENTRY - Docket Entry 19 [misc] restricted/sealed until further notice. (amb) (Entered: 12/04/2025) |
| 12/04/2025 | | SYSTEM ENTRY - Docket Entry 20 [misc] restricted/sealed until further notice. (amb) (Entered: 12/04/2025) |
| 12/04/2025 | 21 | PAPERLESS ORDER denying as moot Plaintiff's 11 Notice and Motion Regarding Prior Unsigned Stipulation in light of Plaintiff's 17 Emergency Motion to Strike Defendants' Improper Stipulation of Dismissal. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/04/2025) |
| 12/04/2025 | 22 | PAPERLESS ORDER. The Clerk of Court shall seal the parties' 17 Stipulation of Dismissal with Prejudice of All Claims and Parties. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/04/2025) |
| 12/04/2025 | 23 | PAPERLESS ORDER. The Clerk of Court shall send Plaintiff's 18 Sealed Emergency Motion to Defendants' counsel of record. On or before December 18, 2025, Defendants shall file their response to Plaintiff's 18 Emergency Motion to Strike Defendants' Improper Stipulation of Dismissal. Signed by Judge Darrin P. Gayles (mp02) Corrected docket links per chamber on 12/8/2025 (mf). (Entered: 12/04/2025) |
| 12/04/2025 | 24 | REQUEST for Electronic Notice(NEF) Enrollment by Brian Evans. (drz) Modified text on 12/4/2025 (jc). (Entered: 12/04/2025) |
| 12/04/2025 | 26 | CLERK'S NOTICE to Filer re 24 REQUEST for Electronic Notice (NEF) Enrollment by Brian Evans. The filer is instructed to submit the attached form and ensure that all boxes are checked to agree to all terms and conditions outlined in the consent form. (jc) (Entered: 12/04/2025) |
| 12/08/2025 | 27 | NOTICE of Compliance re 23 Order. Sealed Motion at DE# 18 mailed to Defendants' counsel of record. (scn) (Entered: 12/08/2025) |
| 12/08/2025 | | Set Deadline per DE#23 as to 18 SEALED MOTION EMERGENCY OMNIBUS MOTION TO STRIKE DEFENDANTS' IMPROPER STIPULATION OF DISMISSAL, TO SEAL DOCKET ENTRY 17, FOR SANCTIONS, FOR PROTECTIVE ORDER, AND FOR ANY OTHER APPROPRIATE RELIEF by Brian Evans. Responses due by 12/18/2025. (scn) (Entered: 12/08/2025) |