**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-60779-STRAUSS**


**BRIAN EVANS,**

      Plaintiff,

v.

**SIGNATURE RESOLUTION, LLC**,

      Defendant.

_____/

## ORDER

THIS MATTER comes before the Court upon Plaintiff's Notice Withdrawing Consent to Magistrate Judge Jurisdiction and Request for Reassignment to a United States District Judge [DE 54] (the "Request"). For the reasons discussed below, to the extent the Request seeks relief from the Court, the Request is **DENIED WITHOUT PREJUDICE**.

In the Request, Plaintiff states that he seeks reassignment to a United States District Judge. [DE 54] at 2-3. Plaintiff admits that he previously consented to magistrate-judge jurisdiction. *Id.* at 2. However, Plaintiff asserts that his prior consent has not become operative because unanimous consent of all parties was never obtained under 28 U.S.C. § 636(c). *Id.* at 2. Specifically, Plaintiff points to the fact that the docket text for Defendant's Consent to Proceed Before a United States Magistrate Judge [DE 51] indicates that it was "NOT SIGNED by all parties." *Id.* Plaintiff thus takes this docket text for Defendant's notice of consent to magistrate-judge jurisdiction to mean that "full and mutual" consent has not been achieved. *Id.* As a result, Plaintiff indicates that he "withdraws" his prior consent to magistrate-judge jurisdiction. *Id.*

"'The right to adjudication before an Article III judge is an important constitutional right. However, this right, like other fundamental rights, can be waived' pursuant to the consent of the parties under 28 U.S.C. § 636(c)." *Kuppinger v. JM.JZ Enters., Inc.*, No. 21-CV-80492, 2022 WL 3154954, at *2 (S.D. Fla. July 13, 2022) (quoting *United States v. Neville*, 985 F.2d 992, 999 (9th Cir. 1993)).  In other words, "[o]nce validly given, there is no right to withdraw consent to proceed in front of a magistrate judge in a civil case." *Tabarestani v. Walmart Inc.*, No. 18-62963-CIV, 2020 WL 10058151, at *1 (S.D. Fla. Apr. 15, 2020) (first citing *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993); and then citing *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1020 (5th Cir. 1987)).

Even so, "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection." 28 U.S.C. § 636(c)(4); *see also* Fed. R. Civ. P. 73(b)(3) (permitting district judge to vacate referral to magistrate judge "[o]n its own for good cause—or when a party shows extraordinary circumstances").  "The phrase 'extraordinary circumstances' has been defined as circumstances which were unforeseeable at the time of consent to the magistrate judge's authority or which raise extraordinary questions of law." *Tabarestani*, 2020 WL 10058151, at *1. Extraordinary circumstances may include where "proceedings or circumstances arise that the party neither could nor should have conceivably foreseen at the time the party executed the waiver." *Id.* Similarly, "the Senate Judiciary Committee's report on 28 U.S.C. 636(c) identified 'extraordinary circumstances' as instances which raise 'extraordinary questions of law . . . and judicial decision making is likely to have wide precedential importance.'" *Id.* (quoting S. Rep. No. 96-74, at 14 (1979)).

2

Here, Plaintiff does not assert that any extraordinary circumstances exist, so the Request will be denied without prejudice.  Plaintiff instead seems to focus on a belief that his prior consent is not operative because the Court has not obtained the voluntary and unanimous consent of all parties.  Yet Plaintiff provides no legal or factual support for this assertion.  The record instead demonstrates that both parties to the case have consented.  The Court twice informed Plaintiff of his right to have an Article III judge preside over his case, *see* [DE 6]; [DE 14], and Plaintiff responded by filing a notice of consent, which stated in part that "he consents to Magistrate Judge jurisdiction in this case . . . ." [DE 17] at 2.  Defendant likewise consented to magistrate-judge jurisdiction by filing a notice of consent.  *See* [DE 51].  Importantly, the Court is not waiting for consent from any other party—all parties have filed notices of consent.  If Plaintiff is suggesting that his consent is not operative because Plaintiff and Defendant did not sign the *same* notice of consent, this position is legally dubious.  *See, e.g.*, Fed. R. Civ. P. 73(b)(1) ("To signify their consent, the parties must jointly *or separately* file a statement consenting to the referral." (emphasis added)).

Therefore, it is **ORDERED and ADJUDGED** that Plaintiff's Request [DE 54] is **DENIED WITHOUT PREJUDICE**.  If Plaintiff wishes to withdraw consent, he must file a procedurally proper motion that establishes extraordinary circumstances.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of April 2026.

Jared M. Strauss
United States Magistrate Judge

3