**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-60779-STRAUSS**

**BRIAN EVANS,**

Plaintiff,

v.

**SIGNATURE RESOLUTION, LLC**,

Defendant.
_______________________________/

**ORDER**[1]

THIS MATTER comes before the Court upon Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction, or in the Alternative for Expedited Ruling on Pending Motions, to Stay the August 17, 2026 Arbitration Preliminary Hearing [DE 96] (the "Motion").

Plaintiff filed this action against Defendant on March 18, 2026. *See generally* [DE 1]. Plaintiff alleges that Defendant, an arbitrator, is attempting to administer an arbitration involving Plaintiff despite the lack of an enforceable agreement to arbitrate. *Id.* at 1. Plaintiff also challenges Defendant's neutrality. *See id.* at 1-2. When Plaintiff filed his complaint, he also filed an emergency motion for a temporary restraining order ("TRO") and preliminary injunction. *See generally* [DE 5]. In that motion, Plaintiff asked the Court to enjoin Defendant from administering the arbitration during the pendency of the suit because Plaintiff would otherwise have to pay fees for the arbitration. *Id.* at 1-2, 6. The same day the motion was docketed, I entered an order finding

---

[1] Plaintiff and Defendant have consented to magistrate-judge jurisdiction. *See* [DE 17] at 1-2; [DE 51] at 1.

that no true emergency existed. [DE 7] at 1-2. I found that no true emergency existed because, in addition to some procedural deficiencies, it seemed doubtful that Plaintiff could show irreparable harm. *Id.* at 2-3. The Court explained that there appeared to be an adequate remedy at law for being subjected to fees—monetary damages. *See id.* at 3-4. The Court decided to instead provide Defendant with an opportunity to respond to the initial motion seeking injunctive relief. *See id.* at 4.

In the present Motion, Plaintiff states that Defendant has scheduled a preliminary hearing in the arbitration for August 17, 2026. [DE 96] at 2. Plaintiff further states that, absent immediate relief, the hearing will proceed, meaning Plaintiff will be forced to participate in the challenged arbitration or potentially risk default. *Id.* Plaintiff does not include a memorandum of law, instead indicating that he will not reargue the merits. *Id.* at 3. The only new fact is the upcoming preliminary hearing on August 17, 2026. *Id.*

The Motion is due to be denied because Plaintiff has not shown that a TRO or preliminary injunction is necessary to prevent an irreparable injury. To receive a TRO or preliminary injunction, Plaintiff must show the following:

> (a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be averse to the public interest.

*Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). Plaintiff has not shown any irreparable injury. The Motion states that it will not reargue the merits, but the initial motion Plaintiff filed only clearly articulated financial harms, which cannot be the basis for

an irreparable injury. Financial harms *can* be "undone through monetary remedies." *Id.* at 1285. And, as previously noted for Plaintiff, the Eleventh Circuit has rejected the idea that a plaintiff would suffer an irreparable injury merely because a defendant is permitted to proceed with arbitrating non-arbitrable claims. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1112 n.20 (11th Cir. 2004). Indeed, such an idea was "patently wrong." *Id.* The Eleventh Circuit reasoned:

> Even if the defendants were permitted to proceed with arbitrating nonarbitrable claims, it is unclear how the plaintiffs would suffer any injury at all, much less irreparable injury. The plaintiffs would not have to participate in the defendants' arbitration proceedings. Even if the defendants obtained a default verdict against them, they would be unable to have it enforced in a district court because a district court is empowered to vacate arbitral awards where the "arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). If a dispute is nonarbitrable, then an arbitrator necessarily exceeds his powers in adjudicating it. Consequently, while the defendant is free to initiate whatever private arbitration proceedings he wishes, a plaintiff need not be troubled by them because they are essentially legal nullities from the start.

*Id.*

In short, Plaintiff's only claimed irreparable injuries have been monetary damages and the possibility of being subjected to arbitration proceedings on claims he alleges are non-arbitrable. Neither is an irreparable injury, so Plaintiff has not established a necessary element to receive a TRO or preliminary injunction. Because this rationale applies to both motions that Plaintiff has filed to enjoin Defendant from administering the arbitration proceedings, both motions will be denied.

Therefore, it is **ORDERED and ADJUDGED** as follows:

1. The Motion [DE 96] is **DENIED**.
2. Plaintiff's Motion for Preliminary Injunction [DE 5] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of August 2026.

Jared M. Strauss
United States Magistrate Judge